Case number 15-2277, Saeed Samaan v. General Dynamics Land Sys Inc. Oral argument, 15 minutes per side. Mr. Herron for the appellant. Good afternoon. At the pleas of court, David Herron of the Michigan Bar for the appellant, Saeed Samaan. I reserve three minutes, please. I want to highlight a few points and obviously rely on our brief. I'm losing the end of your sentences. Oh, I'm sorry. I want to highlight a few points and then rely obviously on our brief. I'm not abandoning anything in terms of what I'm saying. For context, Your Honor, appellant Saeed Samaan is a master's level professional engineer who most recently was a 34-year employee of the defendant and was a senior engineering specialist, a section manager. He was working on a U.S. Army contract designing modifications to the Stryker armored vehicle, which is used by our soldiers overseas and throughout the world. It's kind of a modified Humvee with the V bottom. In 2010, Mr. Samaan discovered what he believed was a major fraud in the program involving vibration testing specification misrepresentations. I think we're pretty well familiar with the facts. The real problem here is you had an arbitrator render a decision and you're trying to upset the arbitrator's award, right? Yes. Why don't you tell us what's wrong, because there's a strong presumption in favor of arbitration. Okay. It's a big burden to set it aside. There's no question that there are cases throughout the circuits and this one that arbitration is favored. The arbitration here was presented by the employer in its dispute resolution program. In that program, the theory of the program is that, and ultimately in the agreement for arbitration that was separately set forward in the district court or after the district court moved it to arbitration, was that there would be a hearing. There is an entire presentation in the handbook about how long an arbitration takes. It could take from a few hours to several days. You have a right to bring witnesses. The witnesses will be cross-examined, et cetera. But didn't it also leave open the possibility of a dispositive motion? Yes, it did. No question. In AAA handbook, in AAA guidelines, and in the agreement. We agree that it did say dispositive motions. In AAA, the idea of dispositive motions is to narrow issues. Here, the agreement did not say we're going to narrow issues. So I understand that and that's their position. But the problem with this dispositive motion, number one, the agreement, not AAA, but the agreement as part of the record indicated that the dispositive motion could be brought by January 11, 2013. This one was brought in July of 2013. Number one, it was outside the time of the stipulation. Number two . . . Did you represent your client? No. My client had an initial attorney, then a subsequent attorney, and then in the district court, for confirmation, he was pro se. Did anybody object to the untimeliness of the motion? Well, the problem is that there's nothing in writing that I've seen, but the hearing was unrecorded. The motion for summary judgment, there's no recording of that proceeding. Is it correct, because I couldn't find anything, but is it accurate to say that whoever was representing your client during that arbitration proceeding has not submitted any type of affidavit stating what the judge said or anything that was said that was not on the record? I haven't seen that. Okay. My concern is that when you look at the agreement itself, there seems to be a distinction between a motion hearing or argument and the hearing. You have just said that the motion hearing, there's no transcript, but if it were the hearing that is provided for in this agreement, Section 13 requires a stenographic record of the hearing shall be made. Doesn't that tell us that this was not the hearing, this was a preliminary matter that actually resolved the case? Well, that's interesting because the respondent or the appellee claims when we raised the issue that the decision was outside the time limited in the agreement, it was a year and a half instead of 30 days, that the 30 days didn't start running. That's the same argument. No, the 30 days didn't run until you had the evidentiary hearing. Right, the hearing. The hearing, but if the case was resolved on motion, their argument is that there is not a 30-day deadline and that, in fact, it was extended in time at the request of your client. Well, if their argument is not correct, if that was the hearing, if that triggers the 30 days, then the Huntington Alloy case indicates that a decision far out beyond the time is not appropriate and it's really a jurisdictional issue. That decision is void. The Huntington case was the hearing. Here it was a dispositive motion. Well, then they didn't have a hearing. Right. Pardon me? I mean, but if there was no hearing within the contemplation of, say, Paragraph, what, 16, if it was just a Paragraph 5 dispositive motion, a hearing wasn't required by the arbitration agreement. Well, a hearing is required. We can get into, I think it was, oh, I'm sorry. It says a hearing ordered by the arbitrator as the arbitrator deems necessary, which implies that it's the discretion of the arbitrator to decide if it was necessary to have a hearing on a dispositive motion. If we follow that line, Your Honor, and I understand it, then we should deal only or initially with the decision of the arbitrator at the motion discussion, if you will. Okay. Let's do that. And our concern with that is that the arbitrator resolved, if it's a motion for summary judgment, and if he had the power or authority to make that decision, he resolved extensive factual issues without the hearing. He determined that this lower performance evaluation that Mr. Saman received was not an adverse action that would trigger retaliation provisions. Mr. Saman claimed that that was the first and only low performance evaluation. I think the question is not whether that was a reasonable decision, whether that was adverse, but whether it's something that we can reverse when it's made by an arbitrator. There are different standards of review for an arbitral decision, and if this was coming from a district judge on a motion for summary judgment. What is it about, if you could focus on what you believe the standard is, whether it's the FAA or something in the agreement or something in Michigan law, if you could focus on what the standard is for vacating the arbitration award and then tell us exactly what was wrong that meets that standard, I think it would be very helpful. I think the standard is abuse of discretion, and it's similar or identical because there are provisions that say provisions of law apply as a motion for summary judgment. Are you saying that under the FAA, the standard is whether the arbitrator abused his discretion? I'm saying that he exceeded his authority. That's the key. He abused whatever discretion he had, but he exceeded his authority, and he resolved factual issues. The motion for summary judgment alleged or claimed that there were no issue of disputed fact, and I'm saying there were ten of them. If the arbitrator in his position and pursuant to his authority says, I find that there are no disputed issues of material fact, and I'm granting judgment, what standard is that in violation of for an arbitrator? The same standard that a district court would have for resolving those issues. The problem is a district court's decision is subject to review by an appellate court under the standard de novo law issues, error of fact issues, but an arbitral decision does not partake of that same review standard. It's a different standard. I think that is correct, and I would agree with that if there had been an evidentiary hearing. If the arbitrator had decided after hearing from witnesses, after hearing from my client and the defense witnesses, that there was no retaliation . . . Where in the arbitration agreement does it say that you have to have an evidentiary hearing? Well, I think . . . I understand your client's position. Not that it's unfair, or he should have, or it would have been better to, but where does the arbitral agreement say that the arbitrator must hold an evidentiary hearing? Well, because it says that there could be dispositive motions. Well, if it says there can be dispositive motions, then they dispose of the case without the hearing. And that's the argument being made by the defendant. Our position is that this is an employment arbitration. Everything in the employment handbook or agreement, everything in the stipulation, leads towards a hearing. Now, dispositive motions . . . What about the fact that the agreement says that if the arbitrator finds it necessary, and Section 18 says the deadlines herein will be strictly enforced unless mutually agreed upon or modified by the arbitrator. It seems to me that this arbitral agreement gives the arbitrator the ability to decide that he's going to do it on motion. Well, except that in paragraph 12, under hearing, hearing on this matter will commence. Will. It indicates that there is a mandatory hearing. It's going to start at a certain time. There's an estimate of at least three days. What about Section 5 that describes discretionary motion hearings? In order for that not to be just surplusage, wouldn't that have to mean that this arbitrator could choose to resolve the case on dispositive motions? He could choose to decide the case on dispositive motions. Which is what he did. I think the intent and tenor of the agreement and of the arbitration is that you will listen to the witnesses. We don't know what he listened to, what he argued, because there was no record. Well, okay. I mean, I was understanding you to be saying that, yes, it contemplated that he could hear a dispositive motion, but that would be governed by the standards that govern both dispositive, both summary judgment motions and employment law. And it was contemplated that he would only grant it if it was correct to grant it. That is, that there are no material issues of fact. That it wouldn't be a substitute for a factual hearing unless the law required that judgment be granted to the other side. Couldn't say it better myself. The point is, Your Honor, that that, I think, is the intent of the entire agreement. That if he's going to resolve factual issues, he has to hear them. Okay, so now, well, I think that what the judge purported to do was not decide factual issues, but decide that there were no genuine issues of material fact. That it was appropriate to grant summary judgment as in any other type of case. Not that I don't need to listen to the facts. I already know them. But it all comes back to the same question, which is, what is the deference that the FAA requires we show to an arbitrator's decision of law, so to speak, when that is within the authority granted the arbitrator? And is it the same de novo standard or is it something else? Well, I think the problem is there are very few, we know, motions for summary judgment that deal with disputed issues of fact or no dispute of fact. And that puts an appellate court or the district court in a very difficult position. If there's a hearing, if he found these after listening to witnesses, we probably have very little, if anything, to contend. His citation of the McKenzie case and things like that are another issue. And we've addressed that. But the problem is that he's put us in this hybrid situation where he resolved ten issues of fact. He resolved ten issues of fact and then made a ruling. And if he did that after any hearing where he listened to witnesses, I think that the concern that you shouldn't have this case is frankly appropriate. But by deciding those without any witnesses, with no record, completely divorced from everything that was discussed in the agreement is our problem. Okay. You've gone well over your time. We'll still give you your rebuttal. Thank you. Good afternoon, Your Honors. Thomas Acatel on behalf of the General Dynamics Land Systems. The issue in this case is whether plaintiff can establish the district court made clear error in findings of fact and then de novo on any questions of law. This isn't the province of the court of appeals to decide whether or not to defer to the arbitrator's decision. That was the decision that is made by the district court judge looking at the record and deciding the case. Okay. So let me just ask you to be specific. Okay. Here's a hypothetical. The arbitrator has the authority to grant a dispositive motion, if appropriate, under the law. And if no one's entitled to summary judgment, then the arbitrator is to have an evidentiary hearing and make a decision. And the hypothetical is that the arbitrator decides to grant summary judgment under circumstances where there are very, very clear questions of fact. This is a hypothetical. So that's one hypothetical. And the second hypothetical is the arbitrator correctly determines that there are no issues of fact but grants summary judgment where the law wouldn't say to grant it. I mean, where he's wrong on the law. So how would our standard of review apply in both of those situations? Well, in the first instance, the standard of review is that the court of appeals is not in a position of second-guessing what the law was, of what the arbitrator's decision was, because you're expanding on an area that was the province of the district court judge, not the court of appeals. So, I'm sorry, this has to do with the authority of the district court judge, not the arbitrator? No, the authority of, first, the district court judge is the one that is first looking at the issue of whether or not to defer to the judgment of the arbitrator. But that's not discretionary. No, it's discretionary. What I'm saying is the court of appeals cannot expand on the district court's view of what the appropriate standard is. The district court, I think Judge Stranch issued a decision in Titan Tire Corporation of Bryan versus United Steel Workers case, which is a 656, Fed Third, 368 case. And there, Judge Stranch said, quote, we afford great deference to the arbitrator's decision, unquote. And courts, quote, have no business weighing the merits of the grievance, comma, or determining whether there's particular language in the written instrument that will support the claim, unquote. Perhaps we should step back and come to a common understanding of what the standard is. Okay. That's a labor arbitration case. Yes. Labor arbitration cases are distinct at law from commercial arbitration cases. This is a commercial arbitration case, not under historic labor law, but under FAA. Correct. So are we all in agreement that the four reasons listed by the FAA granting the ability to overturn an arbitrator's decision govern whether this decision was overturnable or not? That is correct, Your Honor. All right. Of the four, what is it you're understanding that Mr. Saman is arguing is the one that was violated and enables him to ask to have this decision vacated? He has argued on this appeal that the arbitrator exceeded his authority because he did not issue a written decision, or the decision in this case, which is at issue, within 30 days of the hearing. Okay. Number four? Yes. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Correct. Why is that incorrect? It's incorrect, first of all. The issue, this 30-day from hearing issue, was never raised below by Mr. Saman and was waived. It's a basic tenet of this court and every court of appeals I've ever argued in front of, that if an issue is not raised below, it's waived on appeal. In fact, Mr. Saman below actually argued, and I quote in his motion to vacate, Judge Rashid proceeded to ruling on the motion for summary judgment under protest from the plaintiff to wait for this court to rule on the motion to replace arbitrator, as well as the motion to amend plaintiff's pleadings to include major fraud against the United States. That resulted in Judge Rashid's ruling to be arbitrary and capricious, displaying manifest disregard of the law. He argued something totally different below. Now, for the first time, he argues before this panel that this 30-day provision is a provision that should somehow entitle him to relief. If he is allowed to make that argument, why does the 30-day provision not entitle him to relief? Second. It's to my second argument. I think before I get to the second argument, the reason why that argument doesn't hold water is I think Judge Gilman had a great quote in Hall v. Warden-Lebanon Correctional Institution, 666-62, Fed Third 745, 6th Circuit, 2011, where he said, Our function is to review the case presented to the district court rather than a better case fashioned after a court's unfavorable order. And that's what this is. This is something that was raised for the first time on appeal. But, Judge Stranch, back to your point. We also believe that Mr. Saman invited any error in this case, and the doctrine of invited error applies. He cannot complain of how long it took for Judge Rasch to issue his decision and then come back into this court and say, Well, I know I may have asked for him to hold off, and it's in the record. But that request came after the 30 days. In their reply brief, they came up with this argument that it was after the, and it's not in the record, but as the court did note in the record, his attorney withdrew, asked me for additional time so that his client could get another lawyer if he chose to. We gave him that extension, and what he did is two days before the time was up, he then filed his motion that Judge Rasch should be removed as the arbitrator. I'm sorry. Did his lawyer ask for the extension before the 30 days expired? He told me he was going to move to withdraw before the 30 days. He was going to move to withdraw. Would I object to giving Mr. Saman more time? I said, No, I'm not going to object. Then he actually filed his formal motion to withdraw at that point in time. The issue, and I think Judge Stranch hit it exactly on point, that they want to equate the time from when we had the oral argument on the motion to be a hearing. As we set out very clearly, it's footnote 5 in our brief, page 30, that this agreement needs to be read in its entirety and in its whole. To do what Appellant has argued here wouldn't be doing that, and it would be inconsistent to argue that that 30-day from hearing applies to on a motion for summary judgment. It's in a totally separate part of the agreement. The dispositive motion follows discovery in paragraph 5, and it's in paragraph 16, which all the paragraphs leading up to that, 16, are all about the evidentiary hearing. That's what the 30 days from close, that evidentiary hearing never took place. Your opposing counsel suggests that the fact that it never took place is a violation of the arbitration agreement. Why is that incorrect? It is not a violation of the agreement. The agreement specifically made provision for the possibility of dispositive motion without a hearing, and in Nationwide Mutual Insurance Company versus Home Insurance Company, decision by Judge Gilman in 278 Fed 3621, the judge in an explanatory parenthetical summarizing the Louisiana D. Brown case, Judge Gilman cites the case for the broader principle that Louisiana D. Brown rejected the argument that a losing party has an absolute right to present evidence and confront witnesses in an arbitration. And what he went on to state, and I quote, fundamental fairness requires only notice, an opportunity to present relevant and material evidence and arguments to the arbitrators, and an absence of bias on the part of the arbitrator. Because losing party received copies of the submissions and had an opportunity to respond at the motion, then that's what he was entitled to under the arbitration agreement, and that's exactly what he received. Was he entitled to have the judge apply the proper legal standards to the summary judgment motion? Yes, and the judge did apply the proper legal standards. Hypothetically, if the judge determined that there were no material issues of fact when there really were, or let's say applied the wrong law as to what's an adverse employment action, hypothetically, what would be the plaintiff's rights in that regard? I don't believe that's an argument that they have expressly made on appeal, but I think an appropriate place to raise that would have been before the district court, and it wasn't. So your first argument is that those arguments have been waived? Correct. Secondly, if it was an error of law, arguably there could be a basis for potentially the district court judge to have set it aside. But it would have had to have been a clear error of law. I mean, the arbitrator's province under the FAA, it's a very narrow standard under which an arbitrator's decision should be set aside, and the fact that he concluded that there were no genuine issue of material fact on different issues and could rule on the motion substantively isn't something that would normally be set aside. So you're saying that the standard is more restrictive than the de novo standard that we would use ordinarily? Yes, it is. And I think that the courts are very clear under the FAA that the standard for reviewing arbitration awards is a very high standard, and it's a very difficult burden to meet. Any questions? Thank you. Thank you. Just briefly, Your Honor. I think all of the arbitration issues that are not appealable, if you will, are not reviewable, are issues that come up after the evidentiary hearing, primarily. Here, the arbitrator decided. He made evidentiary decisions. He said there's no evidence presented to do this, to do that. McKenzie, as a matter of law, he said he cited the McKenzie case, and he said all that we had here was an argument between coworkers. He totally ignored or would have heard that there was, and there was no dispute, there was a communication to the government, which should be enough to indicate the possibility of a qui tam action. There's no requirement in False Claims Act jurisprudence that a ---- But he abandoned a qui tam, correct? He abandoned his qui tam argument. Well, his lawsuit mentioned a qui tam argument, a case, and then he filed an amended complaint without that. But prior to that, there's no law that requires him to know about a qui tam action or to mention qui tam, and McKenzie, they focused on the fact that she showed an article and then she didn't, McKenzie didn't, Ms. McKenzie didn't do anything. Here, and she only talked internally. There's no question he discussed it internally. There's no question that he went to the government. So by doing that, and then he told his employer that he did that, and in fact his employer disciplined him because they alleged he transmitted confidential information to himself and then to the government. And that's a whole other avenue if that had been raised as some kind of a separate lawsuit. But the point is he was doing, he was conducting protected activity. So which version of the statute applies? The one, I mean the statute was amended. And it covers employees and contractors, and I don't think that we haven't discussed the timing. Preparatory activity. Because it was amended in 2009, 2010, and this conduct occurred right around that time, and then the suit would have been brought after because there's six years. So I'm not really clear which section would apply. Tell me which argument, the merits that you're arguing really have nothing to do with the 30 days, right? We're talking about, okay. And it really doesn't have anything to do with the comments that Judge Rashid made during the hearing, right? That's for context. Okay. But I'm looking at your issues, and then you've got the issue that says that he took the moral and ethical, he had a moral and ethical responsibility to report this. But I'm trying to figure out where you argue this problem with how the judge dealt with the summary judgment motion. He dealt with . . . well, there were eight or ten issues that he resolved. There's no question about that. He decided that the McKenzie case bound him, or he followed the McKenzie case, because all he saw was a disagreement among coworkers, which if that was it and there was no communication to the government, then perhaps he's correct. But there clearly was a communication to the government. He did not address any retaliation issues like the actual evidence that he would have heard. And one of the problems with . . . and my time is up. One of the problems with raising this in a district court is he acted pro se. And that's one of the problems in terms of some things perhaps in the record below. And I think he said all these things, but maybe not directly enough. And we take what we find in a pro se case, and that's a problem. Thank you. Thank you for your candid answer, actually. Thank you. The case will be submitted.